UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MUHARREM BALKANLI, DILGIT
SINGH, and GREGG CLENNON,

Plaintiffs,

v.                                                      CAUSE NO. 3:26-CV-1156-PPS-JEM

NAVITSKY, WOODBOURNE COR
FACILITY, WENDE COR FACILITY,
NYS DOCC, US DHS, US ICE, ANDREW
COLE, and BUFFALO FEDERAL
DETENTION CENTER, and IDOC,

Defendants.

## OPINION AND ORDER

Muharrem Balkanli is an immigration detainee at the Miami Correctional

Facility. He filed a complaint which named two other detainees—Dilgit Singh and

Gregg Clennon—who did not sign the complaint. ECF 2. Because Balkanli filed a

motion to proceed in forma pauperis, ECF 3, I must review the complaint and dismiss it

if the action is frivolous or malicious, fails to state a claim on which relief may be

granted, or seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §1915(e)(2)(B).

The complaint names several defendants spread across two states. ECF 2 at 1.

Most are located in New York: Navitsky, the Woodbourne and Wende Correctional

Facilities, the New York State Department of Corrections and Community Supervision,

the Buffalo Federal Detention Center, and offices of the Department of Homeland

Security and Immigration and Customs Enforcement in Newburgh and Batavia. Andrew Cole and the Indiana Department of Correction are the only Indiana defendants. *Id.* Balkanli alleges the defendants transferred and "human trafficked" the plaintiffs among these facilities, failed to protect them or relocate them safely, and denied them doctors and various forms of medical care. ECF 2 at 3.He asks that the plaintiffs be restored to the health they had before their detentions and seeks an astronomical $160 trillion in damages. *Id.*

I begin with the signature issue. Neither Singh or Clennon signed the complaint or motion to proceed in forma pauperis. Federal Rule of Civil Procedure 11(a) requires all filings be signed. It is unclear whether Singh or Clennon know about this lawsuit or consented to being named as plaintiffs. Normally, I would grant them time to sign, but here that would be futile because it is not appropriate for these three to proceed as co-plaintiffs.

Complaints filed by multiple detainees can proceed if the criteria of permissive joinder are satisfied. *See Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004). In addition to the requirements listed in Federal Rule of Civil Procedure 20(a)(1), the Seventh Circuit has recognized that a district court has discretion to also consider "other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness [or would] create prejudice, expense or delay[.]" *Chavez v. Ill. State Police*, 251 F.3d 612, 632 (7th Cir. 2001) (cleaned up). Based on the facts of this case, joinder of these unrepresented immigration detainees is not appropriate. Nothing in the complaint explains how events at the New

2

York facilities and the Miami Correctional Facility arise out of the same transaction, occurrence, or series of transactions or occurrences. *See* Fed. R. Civ. P. 20(a)(1).

Furthermore, none of the plaintiffs is a lawyer, and none of them may represent any of the others. *Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007); *Navin v. Park Ridge Sch. Dist.*, 270 F.3d 1147, 1149 (7th Cir. 2001); *Nowicki v. Ullsvik*, 69 F.3d 1320, 1325 (7th Cir. 1995). Balkanli signed the complaint as a "class-relator," "common law next friend," and "non practicing, unlicensed attorney at law." By his own account, he is not admitted to practice, and he therefore may not litigate on behalf of Singh, Clennon, or anyone else.  Thus, each plaintiff must read and sign every filing. Gathering signatures at the beginning of a lawsuit is easier than at any other time, but here, only one plaintiff signed. As this case progresses, gathering signatures will likely become more difficult because detainees can be released from custody, deported, transferred to another facility, or relocated within a facility. If the plaintiffs are no longer housed together in the same unit, it may be impossible for them to obtain each other's signatures.

Federal Rule of Civil Procedure 5(a)(1) separately requires all filings be served on every other party, including any plaintiff who did not sign it. This would impose an additional cost on the plaintiffs. If a plaintiff does not comply with Rule 5, he is not only in violation of the Federal Rules, but the other plaintiffs are also left ignorant of the activity in the case.

Joinder would not have been appropriate in this case even if all three of the plaintiffs had signed the complaint. Had they done so, I would have severed them into separate lawsuits under Federal Rule of Civil Procedure 21 because "on its own, the

3

court may at any time, on just terms, . . . drop a party." *Cf. Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A district judge [can] solve the problem by severance (creating multiple suits that can be separately screened)"). Therefore, I will not require the other two plaintiffs to sign this complaint. Rather, if they have claims they want to bring, they may file their own lawsuits. Separate lawsuits will better "secure the just, speedy, and inexpensive determination" of each case. Fed. R. Civ. P. 1.

Next, the complaint purports to bring a class action, *see* ECF 2 at 3, but as already discussed, a pro se litigant cannot represent others:

> it is well understood that a pro se litigant can represent only himself. *See Georgakis v. Ill. State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013) ("A nonlawyer can't handle a case on behalf of anyone except himself."). This limitation extends to class actions. *See United States ex rel. Lu v. Ou*, 368 F.3d 773, 775 (7th Cir. 2004), *abrogated on other grounds by United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928 (2009).

*Armstrong v. Boyland Auto BGMC LLC*, No. 24-3182, 2025 WL 1121647, at *2 (7th Cir. Apr. 16, 2025). Because Balkanli is not a licensed attorney, he cannot represent a class in this case or any other.

That leaves Balkanli's own claims, and the complaint fails to state one. A complaint must contain enough factual matter to give each defendant fair notice of what that defendant is alleged to have done. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Even under a liberal construction of the complaint to which Balkanli is entitled, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), he fails to explain which claims he is asserting against each of the defendants. Instead, it describes what happened to the plaintiffs as a group without

4

explaining which specific defendants did what to Balkanli or at which facility. As a result,  no defendant reading this complaint could know what exactly they are accused of doing.

I will allow Balkanli to file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). He may not, however, bring this action with Clennon or Singh as co-plaintiffs.

For these reasons, the court:

(1)  DISMISSES Dilgit Singh and Gregg Clennon;

(2)  DENIES the in forma pauperis motion (ECF 3);

(3)  GRANTS Muharrem Balkanli until **September 9, 2026**, to file an amended complaint; and

(4)  CAUTIONS Muharrem Balkanli if he does not respond by the deadline, this case will be dismissed without further notice under 28 U.S.C. § 1915(e)(2)(B) because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

ENTERED: August 9, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

5